# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE ISAIAS CABRERA,<br><br>Defendant. | Case No. 3:15-cr-00064-LRH-WGC<br><br>ORDER |

In this narcotics case, defendant Jose Isaias Cabrera contends that law enforcement violated his Fourth Amendment rights by conducting an investigatory search of an automobile under the guise of the inventory exception to warrantless searches. ECF No. 145. He therefore moves to withdraw his guilty plea or, alternatively, to suppress the evidence from the search and omit reference to the search in the guilty plea. *Id.* The government opposes Cabrera's motion, arguing that Cabrera lacks standing to challenge the search and that the search was constitutional. ECF No. 148. Cabrera reasserts his arguments in reply. ECF No. 149. The Court finds the search of the automobile was constitutional and denies Cabrera's motion as a result.

I.  **BACKGROUND**

On July 4, 2015, Cabrera was driving an Audi identified by Nevada license plate 16A-139. Drug Enforcement Administration ("DEA") investigators previously suspected the Audi was used to complete unlawful sales of controlled substances. Based on the DEA's suspicions and investigatory work, a state-court order made a finding of probable cause and permitted the

placement of a GPS tracker on the Audi. The GPS tracker was placed on the Audi prior to July 4, 2015.

While driving the Audi on July 4, 2015, Cabrera was stopped by Deputy Vanderwall and Deputy Bailey from the Washoe County Sheriff's Office. By the end of the stop, the deputies had: (1) deployed a certified canine—which alerted his handler, Officer Bare, to the positive detection of controlled substances towards the rear of the Audi; (2) searched the Audi, resulting in the discovery of roughly 250 grams of cocaine and nearly $12,000 in cash; (3) arrested Cabrera and his co-defendants; and (4) seized the Audi, impounding it at the DEA office.

On July 8, 2015, the registered owner of the Audi—Angelina Navarro—attempted to obtain the Audi from impound. Prior to releasing the Audi to Navarro, DEA agents conducted a second search of the Audi.[1] The search resulted in the discovery of roughly 2,468 grams of methamphetamine and $5,800 in cash. The methamphetamine was found inside the interior of the trunk wall and the cash was found inside a bag sitting in the trunk.

Cabrera joined his co-defendants in moving to suppress the evidence obtained by the GPS tracking, the initial stop of the Audi, and the initial search of the Audi. ECF Nos. 36, 97. The court denied the motion. ECF No. 99. As a result, Cabrera pled guilty to one count of conspiracy to possess with intent to distribute at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine. ECF No. 107. Cabrera was represented by Attorney Bret Whipple at the time he entered his guilty plea. With new counsel, Cabrera now moves to withdraw his guilty plea or, alternatively, to suppress the evidence from the second search of the Audi and correct the factual basis of the guilty plea to omit reference to the search. ECF No. 145. He bases his motion on the argument that the second search was unconstitutional. ECF No. 145. The government opposes the motion, contending that Cabrera lacks standing to challenge the search and that the second search was constitutional. ECF No. 148. Cabrera replies by asserting he has standing and by reasserting his argument that the search was unconstitutional. ECF No. 149.

---

[1] The parties dispute whether a DEA policy mandated the second search. Because the court's decision rests on other grounds, the court does not resolve this dispute.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 11 allows a defendant to withdraw his guilty plea prior to sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The defendant bears the burden of establishing that withdrawal of the guilty plea is warranted. *United States v. Jones*, 472 F.3d 1136, 1141 (9th Cir. 2007). While the court must apply the fair-and-just standard liberally, a defendant "may not withdraw his plea 'simply on a lark.'" *United States v. Ensminger*, 567 F.3d 587, 590 (9th Cir. 2009) (citing *United States v. Hyde*, 520 U.S. 670, 676–77 (1997)). The Ninth Circuit recognizes "inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea" as fair and just reasons for withdrawal. *Jones*, 472 F.3d at 1141 (citing *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004).

## III. DISCUSSION

The court must decide two issues: (1) whether Cabrera has standing to challenge the second search of the Audi; and (2) whether the second search of the Audi violated the Fourth Amendment, thereby warranting withdrawal of Cabrera's guilty plea. The court considers the issues in turn.

### A. Standing

The court first considers the issue of standing. Cabrera asserts he has standing to challenge the search under *United States v. Portillo*, 633 F.2d 1313 (9th Cir. 1980), because he had a legitimate expectation of privacy in the car after the owner of the car gave him permission to use the car and gave him the car keys. ECF Nos. 145 at 4–5, 149 at 2. The government argues Cabrera lacks standing because he has not established a pattern of use of the car as required by the First Circuit of Appeals in *United States v. Almeida*, 748 F.3d 41, 47–48 (1st Cir. 2014). ECF No. 148 at 9–10. The court agrees with Cabrera.

To assert a challenge under the Fourth Amendment, a person must have "a legitimate expectation of privacy in the invaded place." *Rakas v. Illinois*, 439 U.S. 128, 143 (1978). "An expectation of privacy is a legitimate one if it is one which society accepts as objectively

reasonable." *United States v. Thomas*, 447 F.3d 1191, 1196 (9th Cir. 2006) (citing *Minnesota v. Olson*, 495 U.S. 91, 95–96, (1990)). A person must have a possessory or ownership interest in an item to possess a reasonable expectation of privacy. *United States v. Cormier*, 220 F.3d 1103, 1108 (9th Cir. 2000) (citing *United States v. Miller*, 425 U.S. 435, 440 (1976)). In the context of automobile searches, "a defendant may have a legitimate expectation of privacy in another's automobile if the defendant is in possession of the automobile, has the permission of the owner, holds a key to the automobile, and has the right and ability to exclude others, except the owner, from the automobile. *Thomas*, 447 F.3d at 1198 (citing *United States v. Portillo*, 633 F.2d 1313, 1317 (9th Cir. 1980)). Therefore, a mere passenger does not have standing to challenge a search of the automobile, *Portillo*, 633 F.2d at 1316–17 (citing *Rakas*, 439 U.S. at 148). But a person that possesses "permission to use [the owner's] automobile and the keys to the ignition and the trunk, with which he could exclude all others, save [the owner]" has standing to challenge a search of the automobile. *Id.* at 1317 (citing *Jones v. United States*, 362 U.S. 257 (1960) (overruled on the grounds providing automatic standing for possession charges by *United States v. Salvucci*, 448 U.S. 83, 84–85 (1980))).

Here, Cabrera has standing to challenge the search of the Audi because he possessed a possessory interest in the automobile at the time it was seized. Cabrera was driving the Audi at the time of the stop and initial search. He therefore possessed the keys to the Audi at that time. Further, the parties do not dispute that Cabrera had permission from Angelina Navarro—the registered owner—to use the Audi at that time. Accordingly, Cabrera has standing to challenge the search of the Audi.

**B. Constitutionality of the Search**

The court next determines the constitutionality of the second search of the Audi under the Fourth Amendment. The Fourth Amendment protects individuals against unreasonable searches and seizures. U.S. Const. Amend. IV. While a warrant is generally required, "[t]he ultimate touchstone of the Fourth Amendment is 'reasonableness,' [meaning] the warrant requirement is subject to certain exceptions." *Brigham City, Utah v. Stuart*, 547 U.S. 398, 403 (2006) (citing *Flippo v. West Virginia*, 528 U.S. 11 (1999) and *Katz v. United States*, 389 U.S. 347 (1967)).

4

Such exceptions include inventory searches conducted by law enforcement and automobile searches performed with probable cause to believe contraband or evidence will be found. *United States v. Cervantes*, 703 F.3d 1135, 1138 – 39 (9th Cir. 2012) (analyzing the constitutionality of a search under the inventory-search exception and under the automobile exception).

It is uncontested that the DEA agents searched the Audi without a warrant during the second search. But the parties disagree on the applicability of the inventory exception and the automobile exception to the warrant requirement of the Fourth Amendment. ECF Nos. 145 at 5–8 (Cabrera arguing the inventory exception does not apply), 148 (the government arguing both exceptions apply); 149 (Cabrera arguing neither exceptions apply). The court finds the automobile exception applies and, therefore, will not reach the issue of the inventory-search exception.

### *1. Applicability of the Automobile Exception*

The automobile exception applies to the second search of the Audi because exigent circumstances and probable cause existed at the time of the initial stop. The Fourth Amendment provides less protection for searches of automobiles than that for searches of homes. *Chambers v. Maroney*, 399 U.S. 42 (1970). Under exigent circumstances, law enforcement may conduct a warrantless search of an automobile and the containers within it if there is "probable cause to believe contraband or evidence" will be found." *Cervantes*, 703 F.3d at 1139. Probable cause exists if "there is a fair probability that contraband or evidence of a crime will be found in a particular place, based on the totality of the circumstances." *Id.* (citing *California v. Acevedo*, 500 U.S. 565 (1991)) (internal quotation marks omitted). A warrantless search can occur even after the automobile is impounded if probable cause and exigent circumstances existed at the time the automobile was seized. *Acevedo*, 500 U.S. at 570 (citing *Chambers*, 399 U.S. at 51–52). Therefore, a warrantless search of an impounded automobile does not violate the Fourth Amendment despite the lack of exigent circumstances if exigent circumstances and probable cause existed at the time the automobile was stopped. *Florida v. Meyers*, 466 U.S. 380, 382 (citing *Michigan v. Thomas*, 458 U.S. 259 (1982)) (expressly rejecting the argument that a threat of mobility must exist before the automobile exception may be applied). "[T]he justification to

conduct such a warrantless search does not vanish once the car has been immobilized." *Id.* (quoting *Thomas*, 458 U.S. at 261) (internal quotation marks omitted).

The government contends that the search was constitutional under the automobile exception even if the inventory exception does not apply. ECF No. 148 at 7–8. Cabrera argues the automobile exception "is not unlimited in its duration" and is not justified unless a "threat of mobility" exists. ECF No. 149 at 5–6.

Cabrera's argument that the automobile exception does not apply fails under *Florida v. Myers* and *Michigan v. Thomas*. Under this precedent, the law is clear: a search of an impounded automobile is constitutional despite it being immobilized if probable cause and exigent circumstances existed at the time the automobile was initially stopped. Here, probable cause existed at the time of the initial stop. Officers received a positive alert from the certified canine; officers discovered controlled substances and cash in the Audi; and, the GPS records indicate the Audi was used to complete sales of controlled substances.[2] Officers then impounded the car after arresting its occupants. The automobile exception applies on these facts, rendering the second search constitutional. Because Cabrera's motion depends on a finding of a Fourth Amendment violation and no such finding can be made, Cabrera's motion is denied.

/ / /

/ / /

/ / /

---

[2] Whether or not officers listened to the monitored jail calls of Cabrera's co-defendants prior to the second search has no effect on the court's decision. But because the parties dispute the time at which law enforcement listened to the calls, the court declines to consider the calls.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Jose Isaias Cabrera motion to withdraw his guilty plea or in the alternative for suppression of evidence and correction of factual basis of guilty plea (ECF No. 145) is **DENIED**.

IT IS FURTHER ORDERED that the courtroom deputy shall reset the defendant's sentencing hearing.

IT IS SO ORDERED.

DATED this 23rd day of October, 2017.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE